# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-3061**

**September Term, 2023**

FILED ON: DECEMBER 14, 2023

UNITED STATES OF AMERICA,
                APPELLEE

v.

SHANE BROWNE,
                APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cr-00241-1)

Before: RAO and CHILDS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

The Court considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's July 22, 2022, memorandum order be **AFFIRMED**.

\*      \*      \*

Appellant Shane Browne was arrested in 2018 after Lyft driver Ulises Flores reported that Browne requested a one-way ride from Washington, D.C., to Aberdeen, Maryland, and then forced Flores at gunpoint to complete the drive back to Washington, D.C. A jury convicted Browne of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and unlawful possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) at the ensuing trial. On appeal Browne moved for a new trial and judgment of acquittal, arguing ineffective assistance of counsel among other claims. We affirmed Browne's conviction but remanded his colorable ineffective assistance claims because they had not previously been raised in the district court. *United States*

1

*v. Browne*, 953 F.3d 794, 804 (D.C. Cir. 2020). The district court conducted the remand proceedings and denied Browne's motion for a new trial. *United States v. Browne*, 619 F. Supp. 3d 100, 104 (D.D.C. 2022). We affirm the district court's order.

## I.

"[W]e review de novo the District Court's denial of [the defendant's] claim of ineffective assistance of counsel, including the question whether [he] was prejudiced by [his] counsel's allegedly deficient performance." *United States v. Nwoye*, 824 F.3d 1129, 1134–35 (D.C. Cir. 2016) (citing *United States v. Abney*, 812 F.3d 1079, 1086–87 (D.C. Cir. 2016)). We "review for clear error any findings of historical fact embedded in the District Court's conclusions on deficient performance and prejudice." *Id.* at 1135 n.4.

Browne must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" to establish a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong of *Strickland* requires a showing that, the lawyer's performance "fell below an objective standard of reasonableness." *Id.* at 688. The prejudice prong requires a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*Strickland* provides a strong presumption of "reliability" under prevailing professional standards, and we give deference to the counsel's strategic choices to the extent that "reasonable professional judgment[] support[s] [a] limitation[] on [the] investigation." *Strickland*, 466 U.S. at 690–91. Even "choices made after [a] less than complete investigation are [deemed] reasonable . . . to the extent that reasonable professional judgments support th[os]e limitations." *Id.* at 691. Counsel's choices are virtually unassailable by claimants if they are found to have been the result of reasonable professional judgment. *Id.* 690–91. In this regard, an attorney's choice not to interview a potential witness is assessed for reasonableness under the circumstances, with a heavy measure of deference given to counsel's judgments. *United States v. Mohammed*, 863 F.3d 885, 890 (D.C. Cir. 2017) (citing *Strickland*, 466 U.S. at 691).

### A.

Browne makes several arguments on appeal that both of his counsel, Jason Kalafat and Sean Farrelly (together counsel), delivered ineffective assistance at the pretrial and trial stages. Browne's arguments are not supported by the record and fail under *Strickland's* framework.

Browne alleges that his counsel failed to interview and subpoena two witnesses pretrial, Jordan Keslow and Bryant Sands. Pet'r's Br. 30–35. Browne argues that the two witnesses could have provided testimony challenging the Government's assertions that Browne was engaged in a kidnapping. Pet'r's Br. 30–35. Browne's trial counsel spoke with Keslow and determined that his testimony would have limited value and made a choice not to call the witness. *See* Evid. Hr. Tr.

(Day 2) 10:6-7 (Testimony of Sean Farrelly) (Farrelly testified that he spoke with Keslow "at least once, …maybe twice, before trial."). Moreover, while neither counsel reached out to Sands, they knew from their investigation that Browne was on the phone with Sands during the trip on the way *up to* Aberdeen. J.A. 779–80. It is reasonable to assume that Sands' testimony would have had limited value. Sands was not a witness to the crime because the alleged kidnapping occurred on the way *back from* Aberdeen. Unlike in *Mohammed*, where counsel completely failed to investigate any of the potential witnesses, Browne's trial counsel assessed both witnesses' impeachment and testimonial value. *Mohammed,* 863 F.3d at 890; *see* Decl. of Kalafat at 4–5; Decl. of Farrelly at 5–6. Counsel reasoned that testimony from these witnesses would undermine the defense's efforts to illuminate the weaknesses of the Government's case. *Mohammed* allows for such a choice. *Mohammed,* 863 F.3d at 890 ("Counsel reasonably may decline to investigate when she or he determines that any potential information an investigation might uncover would have limited value or 'could be easily attacked on cross-examination.'") (citing *United States v. McDade*, 699 F.3d 499, 507 (D.C. Cir. 2012)).

Browne next asserts that his counsel acted deficiently by failing to either object or challenge the Government's introduction of seventy-eight pounds of narcotics evidence recovered from Browne's apartment and brought into the courtroom during trial. J.A. 598. Counsel considered alternative options to exclude the evidence but decided not to pursue them because, as the district court correctly noted and Browne's appellate counsel admitted at the evidentiary trial, the evidence was unlikely to be excluded. J.A. 1176. Instead, counsel strategically used the evidence to characterize Browne as "naïve" to entice the jury to convict Browne for the narcotics "given that he was obviously involved in criminal activity" while also allowing them to acquit him on the other charges. J.A. 1196–97. Counsel's defense strategy, while risky, was not outside the realm of reasonable professional judgment. Indeed, such conduct does not meet the high bar of *Strickland*. 466 U.S. at 689. *Strickland* grants significant deference to attorneys' decisions following a thorough consideration of the law and facts. *Id*. at 690-91. Likewise, counsel did not err in failing to advise Browne of the possibility of a blind plea because the prosecution never offered Browne a formal single-count plea on the marijuana charge. J.A. 1197. In sum, counsel's conduct is shielded under *Strickland*.

Browne further alleges that his counsel unreasonably failed to publish to the jury the browser history from his cell phone showing adult web searches during the time of kidnapping[1]; failed to object to leading questions during the direct examination of the victim, Mr. Flores; failed to object to the removal of specific jury instructions; and failed to submit a defense theory at closing. Pet'r's Br. 27–37.

Browne's trial counsel testified that he reviewed the phone record information with Browne. *See* Decl. of Kalafat at 6; Decl. of Farrelly at 7. The district court did not commit error in concluding that this testimony was credible.[2] J.A. 1186. We also highlight the district court's

---

[1]    Browne argues that "some jurors would totally [have] reject[ed] any inference that he was pointing a gun at Flores and viewing those photos at the same time." Pet'r's Br. 37.

[2]    The district court found both Browne's trial counsel, Kalafat and Farrelly, to be credible witnesses who gave well-supported testimony. J.A. 1186.

3

conclusions that "a jury could have drawn [an] *inculpatory* inference[] from Browne seeking out illegal prostitution." J.A. 1199. Here, counsel did not use the phone records because they concluded that the records were not particularly relevant and would go against their defense strategy. *See* Decl. of Kalafat at 6; Decl. of Farrelly at 7. Because we find that counsel investigated the phone records, we do not find that they were deficient by failing to offer the adult website searches.

The district court did not err in determining that it was reasonable for counsel to refrain from objecting to the Government's leading questions to Flores given that such objections would not have excluded Flores's testimony. J.A. 1200. Counsel reasonably concluded that it would have only prolonged the testimony and ran the risk of creating a negative impression in front of the jury. *Id*.

Browne's argument that his counsel failed to object to the removal of two jury instructions—Instructions 2.219[3] and 2.111[4]—also fails to show ineffective assistance. This court has already rejected a connected argument related to Instruction 2.219 in the direct appeal. *See Browne*, 953 F.3d at 800–02 (rejecting Browne's argument and holding that any error in giving only a general instruction on witness credibility and potential for bias instead of issuing Instruction 2.219 was not plain error). Browne now changes his argument slightly and makes the unsupported argument that his counsel erroneously failed to object to Instruction 2.219 because they did not properly review the Government's discovery, which Browne argues contains information that Flores was placed in immigration removal proceedings. J.A. 148–151, 743. However, there was no pending case or investigation against Flores. *Id*. Flores was in the deferred action program at the time of trial and thus was not in removal proceedings.[5] *Id*. Moreover, Flores had not completed his U-visa[6] application, so he was not under investigation. Browne did not sufficiently plead that Flores was under investigation. Browne also failed to cite any authority supporting his argument that Instruction 2.219 covers U-visa applicants.[7] *Id.* at 802. In any event, the district court issued standard jury instructions related to witness credibility and bias, and in their closing arguments, Browne's trial counsel highlighted that Flores had a potential motive to allege he was the victim of violent crime. J.A. 703, 709. Thus, trial counsel reasonably declined to insist on a jury

---

[3]     Jury Instruction 2.219 concerns impeachment by a pending case or investigation and informs a jury if a witness is "under investigation," so that the jury may consider that fact in assessing "whether the witness has a bias in favor of one of the parties that may affect his/her willingness to tell the truth." Criminal Jury Instructions for the District of Columbia § 2.219 (2019).

[4]     Jury Instruction 2.111 addresses imbalance of witnesses. *See* Criminal Jury Instructions for the District of Columbia § 2.111 (2019).

[5]     Flores was approved for deferred action on March 1, 2018. This is after he was initially given an order of release on recognizance on February 12, 2018, which stated that he "had been arrested and placed in removal proceedings." J.A. 739, 743.

[6]     The U nonimmigrant status (U-visa) provides victims of certain crimes who have suffered mental or physical abuse an opportunity to obtain legal-resident status by assisting law enforcement or government officials in the investigation or prosecution of criminal activity. *See Browne*, 953 F. 3d at 801.

[7]     *See Browne*, 953 F.3d at 802 ("Moreover, Browne failed to cite any authority that affirmatively supports his argument that instruction 2.219 covers U-[v]isa applicants in the first place. Nor have we found any case stating that instruction 2.219 applies to testimony from U-[v]isa applicants during our own review. Absent legal authority stating such, it is not clear that U-[v]isa applicants are even 'under investigation' within the meaning of instruction 2.219.").

4

instruction that was inapplicable. *See United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019) (holding that counsel is not ineffective for failing to request a jury instruction where there was no evidentiary basis for it).

Counsel chose to emphasize a reasonable-doubt defense, instead of offering an affirmative one, which informed the choice not to object to Instruction 2.111's removal. J.A. 882–83. Counsel explained that he did not see any need to object to the instruction's removal because it could only reinforce to the jury that the Government had called more witnesses. *Id*. Because the standard instructions adequately focused the jury on witness bias and credibility, Browne has not shown that counsel was deficient for failing to insist on Instruction 2.111.

Browne argues that his trial counsel erred by not presenting an affirmative defense that Flores "concocted th[e] false allegation of armed kidnapping to obtain eligibility for a U-visa." Pet'r's Br. 52. This tactic was also informed by the same trial strategy to emphasize a reasonable-doubt defense instead of offering one based on affirmative evidence. J.A. 788, 798, 880–82, 1016–17. Browne's counsel made it clear in his closing arguments that the jury should consider Flores' immigration status as a potential source of bias and a reason not to credit his testimony. J.A. 703, 709. Thus, the jury was aware that it could consider Flores' immigration status in weighing his credibility. The district court did not commit error in finding trial counsel's strategy to be "reasonable." J.A. 1198.

Browne's remaining pre-trial and trial arguments fail because they were either properly rejected by this Court on direct appeal or because such actions or omissions were part of counsel's overall defense strategy made after a sufficient consideration of the law and facts of this case.

We need not assess the prejudice prong under *Strickland* because Browne has failed to show that counsel's performance was deficient. *United States v. Glover*, 872 F.3d 625, 630 (D.C. Cir. 2017) ("A court can deny an ineffectiveness claim on either the deficiency or prejudice prong.").

For the foregoing reasons, we conclude that Browne's claims of ineffective assistance lack merit and affirm the order of the district court denying Browne's motion for a new trial.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk